* * * * * * * * * * *
Based upon information contained in I.C. File LH-0371 and upon an investigation made by the Investigations Section of the Industrial Commission, the Full Commission makes the following:
 FINDINGS OF FACT
1. Decedent, Christopher Williams, was a police officer with the City of Wilmington, North Carolina Police Department at the time of his death on 16 June 2006.
2. Decedent's death occurred in the course and scope of his employment as follows: On 14 January 2003, decedent suffered a compensable back injury in the line of duty. On 21 July 2003, decedent underwent surgery. On 6 December 2005, decedent underwent a second back surgery which involved the implantation of a spinal cord stimulator. Subsequent examinations revealed that the stimulator lead moved considerably from its initial position, necessitating additional surgery.
3. In February 2006, decedent was admitted to New Hanover Regional Medical Center of a pulmonary embolism and deep vein thrombosis due to inactivity. He began treatment with Coumadin to prevent clotting and additional embolisms. *Page 2 
4. When preparing for the spinal cord stimulator revision surgery, plaintiff's Coumadin was stopped. The surgery was performed on 2 June 2006 and was unsuccessful. Decedent's treating physician recommended staying off Coumadin while the surgical wounds healed. On 16 June 2006, decedent suffered a pulmonary embolism which resulted in his death.
5. An autopsy was performed and the cause of death was determined to be related to a pulmonary embolism caused by the condition of deep vein thrombosis, resulting from spinal surgery.
6. Decedent was survived by his wife, Lillie Faye Williams, who resided with decedent at the time of his death. There are no minor children of the marriage.
 * * * * * * * * * * *
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Decedent was an eligible law enforcement officer, as defined in N.C. Gen. Stat. § 143-166.2(d), with the City of Wilmington, North Carolina Police Department at the time of his death on 16 June 2006.
2. Decedent is survived by his wife, Lillie Faye Williams, who is eligible for the award of death benefits under N.C. Gen. Stat. §143-166.1 et seq.
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. The sum of $50,000.00 is hereby awarded to Lillie Faye Williams as the qualified surviving spouse of Christopher Williams, payable as follows: the sum of $20,000.00 shall be *Page 3 
paid immediately to Lillie Faye Williams. Thereafter, the sum of $10,000.00 shall be paid annually to Lillie Faye Williams as long as she remains unmarried until such time as the balance of all payments equal $50,000.00. This sum shall be paid from funds appropriated by the State Treasurer for the purpose set forth in N.C. Gen. Stat. § 143-166.1 etseq. If Lillie Faye Williams becomes ineligible for benefits before the Award is fully paid, the balance of the payments under this Award shall be made to other eligible person(s).
A copy of this Award shall be furnished the Office of the State Treasurer for the purpose of having compliance with this Award, and the Commission shall be advised of the date or dates of payments made.
No costs are assessed before the Commission.
This the 26th day of June, 2007.
 S/ _____________ J. BRAD DONOVAN DEPUTY COMMISSIONER
CONCURRING:
S/ _____________ BERNADINE S. BALLANCE COMMISSIONER
S/ _____________ PAMELA T. YOUNG COMMISSIONER